# Exhibit A

Michael S. Cunningham, Esq. (CSBN 272969)
CUNNINGHAM LAW, APC
28693 Old Town Front St, Suite 300
Temecula, CA 92590
Telephone: (619) 349-4747
Facsimile: (858) 366-4158
mike@laborattorney.com

Attorney for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/16/2025 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

# LOS ANGELES COUNTY SUPERIOR COURT

NICOLE PINTO, an individual;
                Plaintiff,

v.

TPUSA, INC.;

and DOES 1 through 10, inclusive,

                Defendants.

Case No. 25STCV30245
Case Filed:

**COMPLAINT FOR DAMAGES FOR:**

1. Unlawful Discrimination (race), in Violation of FEHA
2. Wrongful Termination in Violation of Public Policy

    COMES NOW Plaintiff NICOLE PINTO (hereafter referred to as "Plaintiff") and brings this action against all Defendants. Plaintiff is informed and believes, and on such information and belief, alleges the following:

/ / /

/ / /

/ / /

/ / /

- 1 -
Complaint

## GENERAL ALLEGATIONS

### (Parties)

1. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

2. Defendant TPUSA, Inc., (hereafter "Defendant") is and, at all times mentioned herein was, a corporation doing business in the County of Los Angeles, State of California.

3. Plaintiff does not know the true names of Defendants DOES 1 through 10, inclusive, and therefore sue them by those fictitious names. The names, capacities, and relationships of Defendants named as DOES 1 through 10 will be alleged by amendment to this Complaint when they are known.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by such Defendants.

### (Factual Summary)

5. Plaintiff began her employment with Defendant, in or about March 2016 as a Social Media Coordinator.

6. In or around 2021, Plaintiff was promoted to the role of Digital Marketing and Communications Manager with a current annual salary of $75,000.00 plus a 22% target bonus.

7. Plaintiff continued to thrive in this role and received excellent performance evaluations.

8. Throughout her tenure in Defendant's employ, Plaintiff experienced disparate treatment due to her race.

9. Plaintiff identifies as Hispanic.

10. Throughout Plaintiff's tenure with Defendant, she had concerns regarding discriminatory treatment she observed towards certain ethnic minority groups.

11. For example, Plaintiff noticed that employees were treated differently in terms of employee compensation and types of projects that were assigned based on race and/or ethnicity.

///

1  12.  Specifically, Plaintiff became aware that Defendant assigned her projects that were considered less high profile than others that were handed out and more clerical in nature.

3  13.  Additionally, Plaintiff felt her compensation was not reflective of her many promotions and overall outstanding job performance as compared with non-minority employees.

5  14.  In or around January 2024, upon information and belief, the racial discrimination Plaintiff experienced became more overt.

7  15.  In or around early January 2024, Plaintiff complained to her manager, Elaine Coffman. ("Ms. Coffman") about the lack of work she had been recently assigned.

9  16.  On or about January 11, 2024, during a joint recruiting call that included several of her colleagues, Ms. Coffman mockingly asked, "Does anyone need Nicole [Plaintiff] to do anything? She is so desperate to do something."

12  17.  In response, one of Defendant's Project Specialists (Guy Shawkins), said, "She can fly across the country and clean my house!" alluding to the racial stereotype that is what Hispanic women do and should do.

15  18.  Plaintiff and another Hispanic employee who was participating in the call remained silent while Ms. Coffman laughed in the background.

17  19.  Moreover, Ms. Coffman served as Defendant's SVP of Human Resources and did nothing to stop the overtly racist and discriminatory conversation.

19  20.  Ms. Coffman's silence on the matter and jovial participation in the racial banter only served to foster a racist corporate culture at the company.

21  21.  After the call ended, several Hispanic female employees expressed their shock and disgust at the racial discrimination and harassment Plaintiff was subjected to on the call.

23  22.  Plaintiff lodged a formal complaint through Defendant's "Speak Up" channel but she was summarily ignored.

25  23.  Defendant did not address nor make any attempt to discipline the parties involved in the racial harassment.

27  24.  On or about April 10, 2024, Ms. Coffman informed Plaintiff that she was being laid off effective May 15, 2024 as part of a reduction in force.

25. While Plaintiff was aware that a broader reduction in force was taking place at the company, she is informed, believes and alleges that she was selected for solely based upon racial discrimination and in retaliation for lodging complaints of racial harassment at the company in violation of California's Fair Employment and Housing Act.

**FIRST CAUSE OF ACTION**
**(Unlawful Discrimination (race and gender) in Violation of FEHA)**
**(By Plaintiff against All Defendants)**

26. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

27. At all times herein mentioned, *Government Code* sections 12940, *et seq*. were in full force and effect and binding upon Defendant. Said statutes bar employers from discriminating against any person on the basis of their race or gender.

28. Defendant is, and at all times herein mentioned was, an employer within the meaning of Government Code section 12926(d).

29. Defendant discriminated by failing to provide her with the same opportunity to work on better project assignments, receive timely performance reviews, and promotional opportunities as other employees who were not women of color.

30. Defendant is informed, believes and alleges that she was selected for lay off as part of a reduction in force, solely based upon her race.

31. As such, Defendant's termination of Plaintiff was in violation of *Government Code* section 12940.

32. As a direct and consequential result of Defendant's actions, Plaintiff has suffered significant harm, including loss of pay, loss of benefits, pain and suffering, and severe emotional distress as a result of the termination.

33. Based on Defendant's improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and Plaintiff seeks recovery of those fees, which will be proven at trial.

/ / /

/ / /

34. In addition, said termination justifies the imposition of punitive damages since the termination was against public policy and in violation of *Government Code section 12940.* Defendant committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(Wrongful Termination as Against Public Policy)**
**(By Plaintiff against All Defendants)**

35. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

36. Defendant terminated Plaintiff's employment on May 15, 2024.

37. Plaintiff is informed and believes, and thereon alleges that she was terminated on the basis of race discrimination. Such conduct by Defendant violated the public policy of the State of California, including the Fair Employment and Housing Act.

38. As such, Defendant terminated Plaintiff's employment in violation of California's fundamental public policies designed and intended to protect employees from discriminatory or otherwise harmful or unlawful conduct. These and other acts by Defendant constitute a wrongful termination and unlawful discrimination under California law.

39. The conduct of Defendants in terminating Plaintiff's employment based upon unlawful race discrimination without good, just or legitimate cause was done in conscious disregard of Plaintiff's rights, including but not limited to the rights of Plaintiff to be free of discrimination in the workplace, among other rights including Plaintiff's Constitutional rights, secured under California law. Plaintiff is informed and believes, and thereon alleges, that her termination by Defendants, and each of them, was done with intent to cause injury to Plaintiff.

40. As a direct and consequential result of the herein alleged actions and/or failures to act by Defendant, Plaintiff has suffered damages including loss of pay, loss of benefits, pain and suffering as a result of termination, as well as severe emotional distress damages.

/ / /

/ / /

41. In addition, Plaintiff's wrongful termination justifies the imposition of punitive damages since the termination was against public policy. Defendant committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be proved at trial.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. **On the First Cause of Action:**
   a. For compensatory damages in an amount of at least $300,000.00;
   b. For punitive damages in an amount to be proven at trial; and
   c. For attorneys' fees.

2. **On the Second Cause of Action:**
   a. For compensatory damages in an amount of at least $300,000.00;
   b. For punitive damages in an amount to be proven at trial.

3. **As to All Causes of Action:**
   a. For costs of suit incurred herein; and
   b. For such other and further and relief as the court may deem just and proper.

DATED March 1, 2025

**CUNNINGHAM LAW, APC**

*Michael cunningham*
Michael S. Cunningham, Esq.
Attorney for Plaintiff

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                              KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 7, 2025

Nicole Pinto
750 B Street, Suite 2840
San Diego,  92101

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202504-28862107
      Right to Sue: Pinto / TPusa, Inc.

Dear Nicole Pinto:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 7, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)